WOOD *et al. v.* ASPEN MINING & SMELTING CO. *et al.*

*(Circuit Court, D. Colorado.* August 18, 1888.)

MINES AND MINING—LOCATION AND ACQUISITION—CITIZENSHIP—EVIDENCE.

William J. Wood, the locator of the mine in question, was born in Canada, where he lived until 1870, when he moved to Kansas, leaving his wife and five or six children in Canada. It appeared that an entry of public lands had been made in Kansas, by a William Wood, who made oath at that time that he was a citizen, the head of a family consisting of a wife and seven children, and that he and his family had resided on the land from September, 1870, to April, 1871. A witness testified that he saw naturalization papers issued in Kansas, in such locator's possession, but no record of such papers could be found in that state. *Held* that, the locator's title to the mine being of recent origin, the evidence of his citizenship was insufficient to support the same.

In Equity. Suit to cancel a conveyance.

Suit by James A. Wood and others, heirs at law of William J. Wood, against the Aspen Mining & Smelting Company, Jerome B. Wheeler, and others, defendants, to set aside a conveyance made by complainants of their interest in a mine located by said William J. Wood.

*T. A. Green,* for complainants.

*G. J. Boal,* for Wheeler.

*T. J. Edsall,* for Aspen Mining & Smelting Company.

HALLETT, J. In the month of April, 1880, William J. Wood, with two other persons, located the Emma mine, in Pitkin county, and soon afterwards died intestate. This bill is filed by complainants, as the heirs at law of Wood, to set aside certain conveyances made by them of their interests in said mine inherited from William J. Wood, and to establish their title thereto. It is alleged in the bill that William J. Wood was at the time of locating the mine a citizen of the United States, and thus qualified to acquire title to public mineral lands under section 2319 of the Revised Statutes. This allegation is denied in the answers, and has become the subject of proof. It is conceded that Wood was born in Canada, and lived there until the year 1870, when he came to the state of Kansas, leaving a wife and five or six children residing in Canada. In proof of Wood's citizenship a record of an entry of land made by one William Wood in Greenwood county, Kan., is offered. In that entry William Wood made oath that he was a citizen of the United States, which oath it is claimed establishes the fact. The proof offered in support of the entry shows that William Wood was the head of a family consisting of a wife and seven children, and that he had resided with his family on the land from September 20, 1870, to the date of entry, April 8, 1871. Inasmuch as William J. Wood had then only six children, and his wife and family were in Canada, it would seem that he was not the same person who entered the land in Kansas. If he did make such entry, he gave false testimony as to the number and residence of his family, which is not to be presumed. He also gave false testimony as to his citizenship. He had then been in the country only one year, and

could not have gained citizenship under five years. There is also on file the affidavit of one John P. Kinneavy, to the effect that in the year 1873, in Denver, he saw in Wood's possession certain "naturalization papers or declarations" which were issued in the town of Iola or Emporia, state of Kansas, in 1871 or 1872. Full search has been made in the records of Greenwood county and elsewhere in the state of Kansas, and no record of Wood's declaration of intention to become a citizen, or of his naturalization, can be found. In the absence of such record, it is clear that no such vague or uncertain statement as that made by Kinneavy can be received. And in a case of this kind, where the fact is of recent occurence, and there is nothing like concurrent acquiescence in its existence on the part of those interested in the property, it is clear enough that no such evidence as that here offered can be recognized. In such a case the fact of naturalization or of the declaration of intention to become a citizen must be proved by the record of some court of competent jurisdiction. *Green* v. *Salas*, 31 Fed. Rep. 107; *Dryden* v. *Swinburne*, 20 W. Va. 90. In some cases, where it is sought to overturn a title long recognized as valid, there may be a presumption of citizenship in the absence of proof by the record. Such cases are referred to in *Dryden* v. *Swinburne, supra.* But no rule of that kind can be applied in a case where complainant's right has been contested from the very hour that it accrued.

Other questions presented in the record have not been considered. On the ground that the citizenship of William J. Wood, or a declaration by him of his intention to become a citizen, is not sufficiently shown, the motion for a receiver is denied.